**Digna SPINKS, Appellant,**

v.

**Grafton Alonzo SPINKS, Appellee.**

**No. 01–96–00233–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1997.

## OPINION

HEDGES, Justice.

Appellant, Digna Spinks, appeals the trial court's rendition of a final decree of divorce. The trial court rendered a final decree of divorce based on a Rule 11[1] settlement agreement entered into by the parties after a court-ordered mediation. On appeal, appellant argues that the mediated settlement agreement was not binding because (1) it did not meet specific family code requirements and (2) she repudiated her consent before the trial court rendered judgment based on the Rule 11 agreement. She also argues that the trial court erred in denying her motion for new trial because the final decree rendered by the trial court did not conform to the Rule

---

**1.** TEX.R.CIV.P. 11.

11 agreement entered into by the parties. We reverse.

## BINDING SETTLEMENT AGREEMENT

In point of error one, appellant argues that the trial court erred in rendering a divorce based on the terms of the Rule 11 settlement agreement because it lacked her consent and was not binding under TEX. FAM.CODE ANN. § 153.0071(d)(1) (Vernon 1996).

 In suits affecting the parent-child relationship, a mediated settlement agreement is binding on the parties and therefore not subject to revocation if the agreement (1) provides in a separate paragraph an underlined statement that the agreement is not subject to revocation; (2) is signed by each party to the agreement; and (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed. TEX.FAM. CODE ANN. § 153.0071(d) (Vernon 1996). In such event, a party cannot prevent rendition of a judgment based on the agreement by withdrawing his or her consent after the requirements of section 153.0071(d) have been fulfilled but before rendition.

In this case, appellant and appellee reached what they called a "Rule 11 agreement" through court-ordered mediation. Both parties, their attorneys, and the mediator signed the agreement. The agreement contained provisions for custody, property division, child support, alimony, and health and life insurance. It also contained a statement in a separate paragraph that the parties stipulated and agreed that the agreement was not subject to revocation. This statement, however, was not underlined. At trial, appellant repudiated the agreement while testifying. The trial court then rendered a decree of divorce based on the mediated settlement agreement with a few modifications.

 This judgment is clearly not a traditional consent judgment because appellant withdrew her consent before rendition. *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex.1995). Moreover, the requirements for non-revocation provided by section 153.0071(d) were not met because the stipulation by the parties that the agreement was non-revocable was not underlined.[2] TEX.FAM.CODE ANN. § 153.0071(d) (Vernon 1996).

We sustain point of error one.

Our holding renders consideration of points of error two through seven unnecessary.

We reverse the judgment of the trial court and remand the cause.

---

**2.** The statement that the agreement would be non-revocable was in a separate paragraph in all capital letters. The requirement in section 153.0071(d)(1) is clear: the statement must be underlined. Accordingly, we do not interpret the legislature's intent to require anything other than strict compliance.