Opinion issued April 11, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00322-CV

____________


TIMOTHY J. CASPER, Appellant


V.


GAE C. PRESTON, Appellee






On Appeal from the 247th District Court

Harris County, Texas

Trial Court Cause No. 98-02388






O P I N I O N

 Appellant, Timothy J. Casper, appeals from the decree granting him a divorce
from appellee, Gae C. Preston. In three issues, he argues the trial court committed
error by rendering a decree containing terms at variance with the parties' mediated
settlement agreement regarding access to their children, payment of child support, and
medical support.

 We affirm in part and reverse and render in part.

Factual and Procedural Background


 The parties were married in 1993, had twins, and separated in 1994. Preston
filed for divorce in 1998, and, through mediation, the parties subsequently reached
a settlement agreement regarding several of the issues in dispute.

 The trial court rendered its decree divorcing the parties, awarding them their
separate property, and dividing the community estate. The trial court appointed the
parties as joint managing conservators of the children, awarded Preston the right to
establish the children's primary residence, and designated certain periods of
possession for the parties.

 Casper subsequently filed a motion for new trial, asserting the trial court's
decree contained terms materially different from the parties' settlement agreement in
regard to possession of the children during the summer months, payment of child
support, and medical support. After a hearing, the trial court denied the motion.

Summer Possession of Children


 In his first issue, Casper argues the trial court erred in rendering a divorce
decree which differed materially from the parties' mediated settlement agreement
regarding Casper's designated weekend and extended summer periods of possession.

 In a suit affecting the parent-child relationship, a mediated settlement
agreement is binding on the parties and, therefore, not subject to revocation if the
agreement (1) provides in a separate paragraph an underlined, capitalized, or
boldfaced type statement that the agreement is not subject to revocation; (2) is signed
by each party to the agreement; and (3) is signed by the party's attorney, if any, who
is present at the time the agreement is signed. Tex. Fam. Code Ann. § 153.0071(d)
(Vernon Supp. 2002); See Spinks v. Spinks, 939 S.W.2d 229, 230 (Tex.
App.--Houston [1st Dist.] 1997, no writ). If a mediated settlement agreement meets
the requirements of subsection 153.0071(d), a party is entitled to judgment on the
agreement, notwithstanding any other rule of law. Tex. Fam. Code Ann. §
153.0071(e) (Vernon Supp. 2002).

 Here, the parties and their respective attorneys signed the mediated settlement
agreement, initialing each page. At the beginning of the agreement, a separate
paragraph reads "THIS AGREEMENT IS NOT SUBJECT TO REVOCATION." We
hold the mediated settlement agreement meets all the requirements of section
153.0071 and, in the absence of any evidence that the parties withdrew their consent,
was therefore binding on the parties.

 The settlement agreement provides for Casper to have possession of the
children on the first, third, and fifth weekends "during the regular school term." With
regard to the summer months, the agreement provides as follows:

 Access pursuant to a Standard Possession Order[,] however the parties
agree that the separate periods designated can not [sic] be attached to
other periods of possession of Timothy Casper. The agreement
contemplates that each parent would be able to take an extended summer
vacation with the children for a period of at least 21 days and the
provisions will be drafted to enable such a an [sic] extended vacation.


In its decree, the trial court made no provision for Casper to have regular weekend
possession of the children during the summer but did award Casper "an extended
period or periods of summer possession" of 21 consecutive days.

 Casper relies on the language in the agreement referring to a "Standard
Possession Order" as support for his argument that the trial court's decree conflicts
with the terms of the agreement by omitting weekend periods of possession during
the summer months and awarding him only 21 consecutive days of extended summer
possession.

 The Family Code provides guidelines for courts to use in determining the
periods of possession for joint managing conservators. A standard possession order,
for parents who reside less than 100 miles apart, awards possession of the children
on the first, third, and fifth weekend of each month to the conservator who, like
Casper, does not establish the children's primary residence. Tex. Fam. Code Ann.
§ 153.312(a) (Vernon Supp. 2002). (1) By stipulating that access during the summer
months would be in accordance with a "Standard Possession Order," the parties
agreed to award such periods of possession to Casper.

 We agree that, as signed by the trial court, the divorce decree does not reflect
the parties' settlement agreement regarding Casper's summer periods of possession
of the children on the first, third, and fifth weekend of each month. In the present
case, the settlement agreement met all the requirements of the Family Code to bind
the parties, and Casper was entitled to judgment on the terms of the agreement. Id.
§ 153.0071(e). The trial court's omission from its decree of Casper's weekend
periods of possession during the summer months does not comport with the terms of
the parties' agreement, and was therefore error. Accordingly, we sustain the part of
Casper's first issue regarding his weekend periods of possession during the summer
months, and we render judgment that the decree be modified to award him periods of
possession of the children on the first, third, and fifth weekend of each month, subject
to the provisions of the decree granting the parties possession of the children for an
extended vacation period.

 Casper also contends in his first issue that the parties agreed he should have an
extended period of possession of 30 consecutive days in the summer. A standard
possession order provides that, upon proper notice to the other parent, the conservator
who does not establish the children's primary residence shall have possession of the
children for 30 consecutive days during the summer. Id. § 153.312(b)(2) (Vernon
Supp. 2002).

 The parties' settlement agreement specifies only an extended summer period
of possession of "at least 21 days" and does not reflect any agreement regarding an
extended period of possession beyond 21 days. Although Casper testified at the
hearing on the motion for new trial that the parties had agreed at mediation to allow
him a 30-day extended period of possession during the summer, such testimony is
beyond the terms of the binding agreement signed by the parties. Thus, we cannot
conclude the trial court erred in denying his request to modify the decree to grant him
a 30-day extended period of summer possession, and we overrule this part of Casper's
first issue.

Payment of Child Support


 In his second issue, Casper argues the trial court erred in rendering the portion
of the decree pertaining to Casper's payment of his child support obligations. 
Specifically, Casper contends the parties agreed that he could pay $1200 in monthly
child support directly to Preston, without making payment through the local court
registry, and could pay up to $500 of that amount directly to a private school, as
tuition. Casper argues that the decree contradicts the parties' agreement by requiring
his child support payments to be made, either in whole or in part, through the local
court registry, rather than to Preston and/or a private school.

 If a trial court finds an agreement between the parties regarding child support
is in the child's best interest, the trial court must render its order in accordance with
the agreement. Id. § 154.124(b) (Vernon 1996). The parties' settlement agreement
requires Casper to pay $1200 per month as child support and specifies that he may
discharge up to $500 of that amount by the payment of private school tuition directly
to a school the children are attending. The trial court's decree reflects this agreement
accurately.

 The Family Code generally permits a trial court no discretion as to the location
of child support payments and mandates that the court "shall order the payment of
child support to a local registry, the Title IV-D agency, or the state disbursement
unit." Id. § 154.004(a) (Vernon Supp. 2002) (emphasis added). Our review of the
parties' settlement agreement does not support Casper's contention that the parties
explicitly agreed to circumvent the statutory presumption that, with the exception of
payments made directly for the children's private schooling, all child support
payments must be made through a local registry or other appropriate agency. 
Therefore, we hold the trial court did not commit error in ordering child support
payments not made for private school tuition be made to the local registry.

 We overrule Casper's second issue.

Medical Support


 In his third issue, Casper argues the trial court erred in signing its Medical
Child Support Order, requiring Casper to provide medical insurance for the children,
because the parties did not agree to such an order in the settlement agreement.

 Casper's argument on this issue is unsupported by either authority or argument. 
Accordingly, this issue is waived. See Maranatha Temple, Inc. v. Enterprise Prods.
Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.] 1994, writ denied); Bradt
v. West, 892 S.W.2d 56, 68-69 (Tex. App.--Houston [1st Dist.] 1994, writ denied).

 The settlement agreement does not address which party is obligated to provide
medical insurance for their children. In a suit affecting the parent-child relationship,
a trial court "shall render an order for the medical support of the child." Tex. Fam.
Code Ann. § 154.181(a) (Vernon Supp. 2002). Thus, absent any agreement between
the parties, the trial court had no discretion but to order one party or the other to
provide medical insurance for the children. Based on the record presented, we cannot
conclude the trial court erred in ordering Casper to provide medical insurance for the
parties' children.

 We overrule Casper's third issue.

Conclusion


 We reverse that portion of the trial court's decree pertaining to Casper's
weekend periods of possession and render judgment that Casper be awarded periods
of possession on the first, third, and fifth weekend of every month, subject to the
provisions of the decree granting the parties possession of the children for an
extended vacation period. Accordingly, we strike the paragraph entitled "Weekends"
on page six of the trial court's Final Decree of Divorce, which was restricted to
weekends during the regular school term only, and reform it to read as follows:

 Weekends: On weekends beginning at 6:00 p.m. on the first, third, and
fifth Fridays of each month and ending at 6:00 p.m. on the Sunday
immediately following.


We affirm all remaining portions of the decree.





 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Do not publish. Tex. R. App. P. 47.
1. The parties agree that they reside less than 100 miles apart.