Opinion issued March 27, 2003


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00322-CV
____________
 
TIMOTHY J. CASPER, Appellant
 
V.
 
GAE C. PRESTON, Appellee
 

 
 
On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 98-02388
 

 
 
MEMORANDUM OPINION ON REHEARING
          We grant the motion for rehearing filed by appellant, Timothy J. Casper. Tex.
R. App. P. 49.3. We withdraw our previous opinion, substitute this opinion in its
place, and vacate our previous judgment.
          Casper appeals from a final decree granting him a divorce from appellee, Gae
C. Preston. In three issues, Casper argues that the trial court committed error in
rendering a decree containing terms at variance with the parties’ mediated settlement
agreement regarding access to their children, payment of child support, and medical
support.
          We affirm in part and reverse and render in part.
Factual and Procedural Background
          The parties were married in 1993, had twins, and separated in 1994. Preston
filed for divorce in 1998, and, through mediation, the parties subsequently reached
a settlement agreement regarding several of the issues in dispute.
          The trial court rendered its decree divorcing the parties, awarding them their
separate property, and dividing the community estate. The trial court appointed the
parties as joint managing conservators of the children, awarded Preston the right to
establish the children’s primary residence, and designated certain periods of
possession for the parties.
          Casper subsequently filed a motion for new trial, arguing that the trial court’s
decree contained terms materially different from the parties’ settlement agreement in
regard to possession of the children during the summer months, payment of child
support, and medical support. After a hearing, the trial court denied the motion.
 
Summer Possession of Children
          In his first issue, Casper argues that the trial court erred in rendering a divorce
decree which differed materially from the parties’ mediated settlement agreement
regarding Casper’s designated weekend and extended summer periods of possession.
          In a suit affecting the parent-child relationship, a mediated settlement
agreement is binding on the parties and, therefore, not subject to revocation if the
agreement (1) provides in a separate paragraph an underlined, capitalized, or
boldfaced type statement that the agreement is not subject to revocation, (2) is signed
by each party to the agreement, and (3) is signed by the party’s attorney, if any, who
is present at the time the agreement is signed. Tex. Fam. Code Ann. § 153.0071(d)
(Vernon 2002); see Spinks v. Spinks, 939 S.W.2d 229, 230 (Tex. App.—Houston [1st
Dist.] 1997, no writ). If a mediated settlement agreement meets the requirements of
subsection 153.0071(d), a party is entitled to judgment on the agreement,
notwithstanding any other rule of law. Tex. Fam. Code Ann. § 153.0071(e) (Vernon
2002).
          Here, the parties and their respective attorneys signed the mediated settlement
agreement and initialed each page. At the beginning of the agreement, a separate
paragraph reads “THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.” We
hold that the mediated settlement agreement meets all the requirements of section
153.0071 and, in the absence of any evidence that the parties withdrew their consent,
was therefore binding on the parties.
          The settlement agreement provides for Casper to have possession of the
children on the first, third, and fifth weekends “during the regular school term.” With
regard to the summer months, the agreement provides as follows:
Access pursuant to a Standard Possession Order[,] however the parties
agree that the separate periods designated can not [sic] be attached to
other periods of possession of Timothy Casper. The agreement
contemplates that each parent would be able to take an extended summer
vacation with the children for a period of at least 21 days and the
provisions will be drafted to enable such a [sic] an extended vacation.

          In its decree, the trial court made no provision for Casper to have regular
weekend possession of the children during the summer months but did award Casper
“an extended period or periods of summer possession” of 21 consecutive days.
          Casper relies on the language in the agreement referring to a “Standard
Possession Order” as support for his argument that the trial court’s decree conflicts
with the terms of the agreement by omitting weekend periods of possession during
the summer months and awarding him only 21 consecutive days of extended summer
possession.
          The Family Code provides guidelines for courts to use in determining the
periods of possession for joint managing conservators. A “standard possession
order,” for parents who, like the parties here, reside less than 100 miles apart, awards
possession of the children on the first, third, and fifth weekend of each month to the
conservator who, like Casper, does not establish the children’s primary residence. Id.
§ 153.312(a) (Vernon 2002). By stipulating in their settlement agreement that access
during the summer months would be in accordance with a standard possession order,
the parties agreed to award such periods of possession to Casper.
          We agree that, as signed by the trial court, the divorce decree does not reflect
the parties’ settlement agreement regarding Casper’s summer periods of possession
of the children on the first, third, and fifth weekends of each month. In the present
case, the settlement agreement met all of the requirements of the Family Code to bind
the parties, and Casper was entitled to judgment on the terms of the agreement. Id.
§ 153.0071(e). The trial court’s omission from its decree of Casper’s weekend
periods of possession during the summer months does not comport with the terms of
the parties’ agreement, and was therefore error. Accordingly, we sustain the portion
of Casper’s first issue regarding his weekend periods of possession during the
summer months, and we render judgment that the decree be modified to award him
periods of possession of the children on the first, third, and fifth weekends of each
month, subject to the provisions of the decree granting the parties possession of the
children for an extended vacation period.
          Casper also contends in his first issue that the parties agreed that he should
have an extended period of possession of 30 consecutive days in the summer. A
standard possession order provides that, upon proper notice to the other parent, the
conservator who does not establish the children’s primary residence shall have
possession of the children for 30 consecutive days during the summer, “to be
exercised in not more than two separate periods of at least seven consecutive days.” 
Id. § 153.312(b)(2)(A) (Vernon 2002).



          As indicated above, the parties’ settlement agreement was drafted to provide
access pursuant to a standard possession order and “contemplates that each parent
would be able to take an extended summer vacation with the children for a period of
at least 21 days . . . .” Here, the record indicates that the parties’ agreed to permit
Casper to have possession of the children for a total of 30 days during the summer
months, as permitted under a standard possession order, and to permit him to spend
21 consecutive days of such time on an extended vacation. However, as noted above,
in its decree, the trial court awarded Casper a total of only 21 days as extended
summer possession of the children. Such omission by the trial court, in the face of
the parties’ express agreement to the contrary, was therefore error.
          Accordingly, we sustain the portion of Casper’s first issue regarding the
amount of his extended summer period of possession, and we render judgment that
the decree be modified to award Casper an extended summer period of possession of
30 days, in accordance with the provisions of section 153.312(b) of the Family Code.
Payment of Child Support
          In his second issue, Casper argues that the trial court erred in rendering the
portion of the decree pertaining to Casper’s payment of his child support obligations. 
Specifically, Casper contends that the parties agreed that he could pay $1200 in
monthly child support directly to Preston, without making payment through the local
court registry, and could pay up to $500 of that amount directly to a private school,
as tuition. Casper argues that the decree contradicts the parties’ agreement by
requiring that his child support payments be made, either in whole or in part, through
the local court registry, rather than to Preston and/or a private school.
          If a trial court finds an agreement between the parties regarding child support
is in the child’s best interest, the trial court must render its order in accordance with
the agreement. Id. § 154.124(b) (Vernon 2002). The parties’ settlement agreement
requires Casper to pay $1200 per month as child support and specifies that he may
discharge up to $500 of that amount by the payment of private school tuition directly
to a school the children are attending. The trial court’s decree accurately reflects this
agreement.
          The Family Code generally permits a trial court no discretion as to the location
of child support payments and mandates that the court “shall order the payment of
child support to a local registry, the Title IV–D agency, or the state disbursement
unit.” Id. § 154.004(a) (Vernon 2002) (emphasis added). Our review of the parties’
settlement agreement does not support Casper’s contention that the parties explicitly
agreed to circumvent the statutory presumption that, with the exception of payments
made directly for the children’s private schooling, all child support payments must
be made through a local registry or other appropriate agency. Therefore, we hold that
the trial court did not commit error in ordering Casper’s child support payments not
made for private school tuition be made to the local registry.
          We overrule Casper’s second issue.
Medical Support
          In his third issue, Casper argues that the trial court erred in signing its medical
child support order requiring Casper to provide medical insurance for the children. 
Specifically, Casper contends that, although the parties agreed that Casper would be
responsible for maintaining health care coverage for their children, they parties did
not agree to the entry of a medical child support order.
          Casper’s argument on this issue is unsupported by either authority or argument. 
Accordingly, this issue may be considered waived. See Maranatha Temple, Inc. v.
Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.—Houston [1st Dist.] 1994, writ
denied); Bradt v. West, 892 S.W.2d 56, 68-69 (Tex. App.—Houston [1st Dist.] 1994,
writ denied).
          Here, the parties’ settlement agreement provides that Casper “will keep and
maintain health care coverage on the children[,] and each parent will pay one[-]half
of uncovered health care expenses for the children.”
          In a suit affecting the parent-child relationship, a trial court “shall render an
order for the medical support of the child.” Tex. Fam. Code Ann. § 154.181(a)
(Vernon 2002) (emphasis added). Thus, the trial court had no discretion but to order
one party or the other to provide medical insurance for the children. Moreover, the
trial court’s medical child support order was directed not only to Casper, but also to
any current and potential employers, to notify them of their obligations to the parties
and their children.
          Based on the record presented, we conclude the trial court did not err in
entering its medical child support order.
          We overrule Casper’s third issue.
 
Conclusion
          We reverse that portion of the trial court’s decree pertaining to Casper’s
weekend periods of possession and render judgment that Casper be awarded periods
of possession on the first, third, and fifth weekend of every month, subject to the
provisions of the decree granting the parties possession of the children for an
extended vacation period. Accordingly, we strike the paragraph entitled “Weekends”
on page six of the trial court’s Final Decree of Divorce, which was restricted to
weekends during the regular school term only, and reform it to read as follows:
Weekends: On weekends beginning at 6:00 p.m. on the first, third, and
fifth Fridays of each month and ending at 6:00 p.m. on the Sunday
immediately following.

          In addition, we reverse that portion of the trial court’s decree pertaining to
Casper’s extended period of summer possession. Accordingly, we strike the first two
paragraphs under the heading “Summer Vacation” on page seven of the trial court’s
Final Decree of Divorce and reform them to read as follows:
Summer Vacation: If Timothy John Casper gives Gae Preston written
notice by April 1 of a year specifying an extended period or periods of
summer possession for that year, Timothy John Casper shall have
possession of the children for 30 days beginning not earlier than the day
after the children’s school is dismissed for the summer vacation and
ending not later than seven days prior to school resuming at the end of
summer vacation, to be exercised in not more than two separate periods
of at least seven consecutive days each. Said summer periods of
possession are to begin on Fridays at 6:00 p.m.
 
If Timothy John Casper does not give Gae Preston written notice by
April 1 of a year specifying an extended period or periods of summer
possession for that year, Timothy John Casper shall have possession of
the children for 30 consecutive days beginning at 6:00 p.m. on July 1
and ending at 6:00 p.m. on July 31.

We do not reform or modify the third paragraph under the heading “Summer
Vacation” on page seven of the trial court’s Final Decree of Divorce, pertaining to
Preston’s rights to an extended period of summer possession.
          We affirm all remaining portions of the decree.


                                                                        /s/ Terry Jennings
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Mirabal.