**Linda Jean ALVAREZ, Appellant,**

v.

**William Kyle REISER, Appellee.**

**No. 11–96–206–CV.**

Court of Appeals of Texas, Eastland.

Oct. 9, 1997.

Daryl L. Moore, Houston, for appellant.

Shawn Casey, on appeal only, Houston, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Justice.[1]

OPINION

McCLOUD, Senior Justice (Retired).

This is an appeal from a divorce decree entered pursuant to TEX. FAM. CODE ANN. § 153.0071 (Vernon 1996).[2] The issue on appeal is whether the trial court erred by entering judgment based on the mediated

[1] Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

[2] Section 153.0071 established binding alternate dispute resolution procedures in family law proceedings.

[3] At all times relevant to this suit, the alternate dispute resolution procedures of Section 153.0071 applied not only to suits affecting the parent-child relationship but also, under the specific provisions of Section 153.0071(f), to Title 1 Family Code (dissolution of marriage) proceedings. We note that the legislature, effective September 1, 1997, repealed Section 153.0071(f) and added Section 6.602 to the Family Code. 75th Leg., R.S., ch. 937, § 3, 1997 Tex. Sess. Law Serv. 2941 (Vernon)(to be codified as an amendment to TEX. FAM. CODE § 153.0071); 75th Leg., R.S. ch. 7, § 1, 1997 Tex. Sess. Law Serv. 31–32 (Vernon)(to be codified as TEX. FAM. CODE § 6.602). Section 6.602 provides the following regarding binding mediation agreements:

settlement agreement after one party withdrew consent to the agreement. We hold that, under the provisions of Section 153.0071, the trial court was required to enter judgment on the agreement. We affirm.

William Kyle Reiser and Linda Jean (Reiser) Alvarez were married in 1986. In January of 1995, William filed a petition for divorce. Linda filed an answer and a cross-petition for divorce. No children were born as a result of the marriage, and the actions were solely Texas Family Code Title 1, chapter 3 actions to dissolve the marriage.[3]

William and Linda entered into mediation; and a settlement agreement was signed by Linda, William, and their attorneys on January 10, 1996. Subsequent to the signing of this agreement and prior to entry of judgment, Linda withdrew her consent to the agreement.

Section 153.0071(e) provides:

If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

Paragraph 13 of the agreement reads as follows:

*BY SIGNATURES BELOW, THE PARTIES HEREBY ACKNOWLEDGE THAT ANY SETTLEMENT REACHED*

(a) On the written agreement of the parties or on the court's own motion, the court may refer a suit for dissolution of a marriage to mediation.

(b) A mediated settlement agreement is binding on the parties if the agreement:

　(1) provides in a separate paragraph that the agreement is not subject to revocation;

　(2) is signed by each party to the agreement; and

　(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(c) If a mediated settlement agreement meets the requirements of this section, a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

We note that Section 6.602(b)(1) does not require that the revocation statement in mediated agreements in marriage dissolution suits be underlined as does Section 153.0071(d)(1) which now applies only to mediated agreements in suits affecting the parent-child relationship.

*AS A RESULT OF THIS MEDIATION PROCESS IS NOT SUBJECT TO REVOCATION.*

The agreement met the requirements of Section 153.0071(d).[4] Therefore, under Section 153.0071(e), the trial court was required to enter judgment on the mediated settlement agreement.[5]

In two points of error, Linda challenges the trial court's findings of fact and conclusions of law. Under Section 153.0071, the trial court was required to enter a judgment if the court found that the agreement met the requirements of Section 153.0071(d). Therefore, the only ultimate or controlling issues of fact would be those addressing the agreement's compliance with the statute.

■ The first point of error challenges the finding of fact concerning Linda's knowledge of an increase in William's retirement and 401K plans. This fact finding does not pertain to whether the agreement met the statutory requirements and, therefore, is an evidentiary finding and not a material or ultimate fact. The point of error is overruled.

■ The second point challenges the conclusion of law in which the trial court relied upon TEX. FAM. CODE ANN. § 153.0071, TEX. CIV. PRAC. & REM. CODE ANN. § 154.001 et seq. (Vernon 1997), and TEX. R.CIV.P. 11 and 263 as legal authority mandating the entry of judgment based on the settlement agreement. Because Section 153.0071(e) specifically states that this section controls "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law," the arguments as to the applicability of Texas Civil Practice and Remedies Code and Rules 11 and 263 are overruled. Linda's argument that the conclusion was incorrect as a matter of law because she withdrew her consent prior to entry of judgment is overruled.

■ Under the language of subsections d and e, mediated settlement agreements complying with Section 153.0071 are binding, and a party to such an agreement is entitled to a judgment. Unilateral withdrawal of consent does not negate the enforceability of the agreement, and a separate suit for enforcement of a contract is not necessary. See the discussion for reform of the Texas alternate dispute resolution statute based on the provisions of Section 153.0071 in the article by George B. Murr, *In the Matter of Marriage of Ames and the Enforceability of Alternative Dispute Resolution Agreements: A Case for Reform,* 28 TEX. TECH L. REV. 31, 56–58 (1997). See and compare *Cary v. Cary,* 894 S.W.2d 111 (Tex.App.—Houston [1st Dist.] 1995, no writ); *In the Matter of the Marriage of Banks,* 887 S.W.2d 160 (Tex. App.—Texarkana 1994, no writ); and *In the Matter of the Marriage of Ames,* 860 S.W.2d 590 (Tex.App.—Amarillo 1993, no writ).

The judgment of the trial court is affirmed.

---

4. Section 153.0071(d) provides:
   A mediated settlement agreement is binding on the parties if the agreement:
      (1) provides in a separate paragraph an underlined statement that the agreement is not subject to revocation;
      (2) is signed by each party to the agreement; and

   (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

5. See and compare *Spinks v. Spinks,* 939 S.W.2d 229 (Tex.App.—Houston [1st Dist.] 1997, no writ), where the settlement agreement did not meet the requirements of subsection d.