In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00050-CV
______________________________


Â 
Â 
Â 
IN THE INTEREST OF
RACHEL MARIE CIRCONE AND
ANGELA RENE CIRCONE, CHILDREN
Â 
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 247th Judicial District Court
Harris County, Texas
Trial Court No. 99-56232


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Lori Circone has appealed from an order rendered pursuant to a mediated
settlement agreement modifying possession of the children and directing her to pay child
support to her former husband, John Circone. 
Â Â Â Â Â Â Â Â Â Â Lori contends that, during a hearing opposing entry of the mediated settlement
agreement, the trial court erred by refusing to allow counsel to question the attorney
adÂ litem about a number of matters concerning his activities in connection with the
mediation, that the court erred by failing to require the attorney ad litem to present a fact-finding that the agreement was in the best interests of the children, and that the court erred
by concluding a party cannot withdraw consent to a mediated settlement after the
requirements of Tex. Fam. Code Ann. Â§ 153.0071(d) (Vernon 2002) have been met. She
also contends the court made erroneous findings that there was no defense to a mediated
settlement agreement and by failing to prepare additional findings of fact and conclusions
of law on request. 
Â Â Â Â Â Â Â Â Â Â There are several procedural anomalies in this proceeding. Findings of fact in
connection with a child support order are to be requested "[w]ithout regard to Rules 296
through 299, Texas Rules of Civil Procedure" if the request is filed within ten days after the
date of the hearing or in open court. Tex. Fam. Code Ann. Â§ 154.130(a), (b)(1),(2) (Vernon
2002).


 Counsel made no request for findings in open court, and the written request for
findings was not filed until March 12, 2003, ninety days after the hearing that resulted in
the order on appeal. Even if Rule 296 did apply in this case, it requires such a request to
be made within twenty days after the judgment is signed. Tex. R. Civ. P. 296. The order
was signed December 13, 2003, the date of the hearing. Thus, under any set of
circumstances, the request was untimely. 
Â Â Â Â Â Â Â Â Â Â The trial court nevertheless chose to sign a document entitled "COURT'S
RESPONSE TO RESPONDENT'S REQUEST FOR FINDINGS OF FACT AND
CONCLUSION OF LAW."


 That document was sent to this Court as part of an appendix
to appellant's brief. Attachments to briefs are not part of the record of a case. Thereafter,
the trial court sent this Court a file-marked, signed copy of the document. There are
specific rules governing the preparation of a clerk's record.


 They were not followed. The
document was not certified by the district clerk and was not bound or labeled. In this
particular instance, because it appears the document was sent to this Court from the trial
court, and because counsel has not argued it is either incorrect or incomplete, and
because, in light of our disposition of this case, the document is not critical, we will treat it
as a part of this record. We warn all involved, however, that we will not often give any
verity to any "loose" documents from any source presented to this Court without proper
certifications, and do so in this instance only because the document is not of vital
importance to our disposition of the appeal. 
Â Â Â Â Â Â Â Â Â Â In that document, the trial court found that the request was improper for a number
of reasons, but nevertheless then made (pursuant to Tex. R. Civ. P. 296) "Limited Findings
of Fact and Conclusions of Law" in which it found that the mediation was proper and
controlling and held that a party cannot avoid rendition based on the mediated settlement
agreement by attempting to withdraw consent after the requirements of Tex. Fam. Code
Ann. Â§ 153.0071(d) had been met. The court did not enter any findings pursuant to the
Family Code.
Â Â Â Â Â Â Â Â Â Â The contentions raised in this appeal are an attempt to show that the trial court
erred in its application of the alternative dispute resolution procedures of the Family Code. 
The relevant text follows.
Alternate Dispute Resolution Procedures
(a) On written agreement of the parties, the court may refer a suit
affecting the parent-child relationship to arbitration. The agreement must
state whether the arbitration is binding or non-binding.
Â 
(b) If the parties agree to binding arbitration, the court shall render an
order reflecting the arbitrator's award unless the court determines at a
non-jury hearing that the award is not in the best interest of the child. The
burden of proof at a hearing under this subsection is on the party seeking to
avoid rendition of an order based on the arbitrator's award.
Â 
(c) On the written agreement of the parties or on the court's own
motion, the court may refer a suit affecting the parent-child relationship to
mediation.
Â 
(d) A mediated settlement agreement is binding on the parties if the
agreement:
Â 
(1) provides, in a prominently displayed statement that is in
boldfaced type or capital letters or underlined, that the agreement is
not subject to revocation;
Â 
(2) is signed by each party to the agreement; and
Â 
(3) is signed by the party's attorney, if any, who is present at
the time the agreement is signed.
Â 
(e) If a mediated settlement agreement meets the requirements of
Subsection (d), a party is entitled to judgment on the mediated settlement
agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or
another rule of law.

Tex. Fam. Code Ann. Â§ 153.0071 (Vernon 2002). 

Â Â Â Â Â Â Â Â Â Â Counsel does not take the position that there is any defect in the agreement or that
the mediated settlement agreement does not comply with subsection (d). Counsel argues
appellant should be able to withdraw her consent to the agreement. To support that
position, he argues the court erred by refusing to permit him to introduce evidence about
the actions or inaction of the attorney ad litem representing the children. That is not
contemplated by the statute. In a binding arbitration context, the Code provides
opportunity for a nonjury hearing to show that the award is not in the best interest of the
child, and the Code expressly allows the trial court to avoid rendition of an order based on
that award. Tex. Fam. Code Ann. Â§ 153.0071(b). 
Â Â Â Â Â Â Â Â Â Â This is not an arbitration proceeding. It is a mediation that took place pursuant to
Section 153.0071(c)-(e). Those subdivisions specifically provide that, so long as the
requirements of the statute are met as to the form of the agreement, a party is entitled to
judgment notwithstanding Tex. R. Civ. P. 11 or "another rule of law."


 If those requirements
are met, as they are in this case, the Family Code contains no language allowing the trial
court to review the mediation and explicitly requires the court to enter judgment based on
the mediation agreement.
Â Â Â Â Â Â Â Â Â Â Two courts have reviewed this statute and have applied the statute as written. The
Corpus Christi court held that a trial court is required to enter judgment on a mediated
settlementâeven when the mediation is not under the direction of the court. In re
J.A.W.-N., 94 S.W.3d 119, 121 (Tex. App.âCorpus Christi 2002, no pet.). The Eastland
court analyzed a case similar to this one and held that, in a mediated settlement
agreement context under this statute, even if one party "withdrew consent," the trial court
was required to enter judgment on the agreement. Alvarez v. Reiser, 958 S.W.2d 232,
233-34 (Tex. App.âEastland 1997, pet. denied) (also containing discussion of change in
application due to changes in statutory language).
Â Â Â Â Â Â Â Â Â Â Under the terms of this statute, the trial court had no authority to go behind the
signed agreement of the parties, which explicitly (as required by statute in the alternative)
stated in underlined capital letters the agreement was not subject to revocation. The
agreement was signed, and the specific term was also initialed by appellant. The statute
requires the trial court to render judgment on the mediated agreement. Appellant's
arguments might be reviewable on appeal had this been an arbitration proceeding. 
However, they have no application to this mediation proceeding under the express terms
of Tex. Fam. Code Ann. Â§ 153.0071(c)-(e). 
Â Â Â Â Â Â Â Â Â Â We affirm the judgment. Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â December 1, 2003
Date Decided:Â Â Â Â Â Â Â Â Â December 3, 2003



nions
if the requirements of Rule 701 are met. Id. at 537. The court found that it did not take an expert
to identify the smell of marihuana smoke and that a witness who is familiar with the odor of
marihuana smoke through past experiences can identify the substance. Id. 

 Section (a) of Rule 701, addressing lay opinions, has been said to have two elements. 
Harnett v. State, 38 S.W.3d 650, 657-59 (Tex. App.--Austin 2000, pet. ref'd). The first element
involves the personal knowledge of the witness as required by Rule 602. See Tex. R. Evid. 602. 
The necessary personal knowledge may be gained by perception of fact by the senses of the witness. 
Harnett, 38 S.W.3d at 658. The second element mandates that the opinion must be one a reasonable
person could draw from the underlying facts. Id. The requirements of Section (b) of Rule 701 are
clear. Under Rule 701, much must be left to the discretion of the trial court. Id. at 658; Austin v.
State, 794 S.W.2d 408, 410 (Tex. App.--Austin 1990, pet. ref'd). If the witness perceived events
and formed an opinion that a reasonable person could draw from the facts, then the first part of the
rule is met. If the opinion is also helpful to the trier of fact to understand the witness' testimony or
aids in the determination of a fact in issue, then the opinion is admissible under Rule 701. It is
possible, and certainly within the trial court's discretion, that this testimony qualified as lay opinion. 

 Regarding the arrest incident to the search warrant, in November 2004, Trooper Perry
testified Hayes was found to have $1,238.00 on his person and some of it was in small denomination
bills ($5s, $10s, and $20s), which is used in buying small amounts of controlled substances. He also
testified to the incongruity of an individual receiving disability benefits having the financial means
to rent an Escalade motor vehicle. If this is opinion testimony, it certainly does not require 
significant expertise to interpret these facts and it does not involve a scientific theory. Even if these
events are not normally encountered by most people in everyday life, it does not require expert
testimony to observe that drugs are dealt most commonly in small $20.00 increments and that one
involved in that endeavor would be required to be able to "make change." 

 Further stating that one who has no visible means of support is normally unable to afford to
drive a Cadillac Escalade is nothing more than the exercise of common sense. If these statements
from these two witnesses were opinions, they were perceptions based on their personal knowledge
combined with the application of their experiences from their life, not from scientific theories. No
expert testimony was involved, and counsel was not acting deficiently by failing to request a hearing
to determine the expert qualifications and reliability of the testimony of these two witnesses.

 Other cases have allowed the introduction of evidence of lay opinion testimony on numerous
matters. See, e.g., Williams v. State, 191 S.W.3d 242, 253-54 (Tex. App.--Austin 2006, no pet.)
(police officer designated as a "mental health officer" after attending a forty-hour course was
permitted to testify that suspect did not exhibit signs characteristic of someone having a mental
health issue); Cortez v. State, No. 2-05-147-CR, 2006 Tex. App. LEXIS 4998 (Tex. App.--Fort
Worth JuneÂ 8, 2006, pet. ref'd) (mem. op., not designated for publication) (officer testified from his
training and experience that, many times when police find surveillance cameras and scales around
a house, drugs are present); Livingston v. State, Nos. 01-04-00955-CR, 01-04-00956-CR,
01-04-00957-CR, 01-04-00958-CR, 2006 Tex. App. LEXIS 2234, at *3 (Tex. App.--Houston [1st
Dist.] Mar. 23, 2006, pets. dism'd [4 pets.], pets. ref'd [4 pets.]) (mem. op., not designated for
publication) (witness permitted to testify boat smelled "like cigarettes, stale beer, and like sweaty
sex"); In re J.A.M., No. 03-02-00610-CV, 2003 Tex. App. LEXIS 8662 (Tex. App.--Austin Oct.
9, 2003, no pet.) (witness allowed to testify of her interpretation of gestures describing drowning a
cat). 

 Counsel cannot be deemed ineffective for failing to object to this testimony, and any
Strickland complaint necessarily fails. Cf. Ex parte Thompson, 179 S.W.3d 549, 559-60 (Tex. Crim.
App. 2005) (defendant not entitled to jury charge on lesser-included offense; therefore, counsel not
ineffective for failing to request); McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)
(not ineffective assistance of counsel for attorney to fail to object to admissible evidence). 

 Failure to make the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim. Id. Absent both showings, an appellate court cannot conclude the
conviction resulted from a breakdown in the adversarial process that renders the result unreliable. 
Ex parte Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993). The appellant bears the burden
of proving by a preponderance of the evidence that counsel was ineffective. Thompson, 9Â S.W.3d
at 813. We find that, under these circumstances and based on the state of the record before us, Hayes
has not carried that burden. This point of error is overruled. 

 We affirm the judgment of the trial court. 




 Jack Carter

 Justice


Date Submitted: January 16, 2008

Date Decided: February 1, 2008


Do Not Publish



1. All three indictments allege possession with intent to deliver; the State abandoned the
delivery allegations. 
2. Please see our opinions in cause numbers 06-06-00229-CR and 06-06-00231-CR, both
styled Hayes v. State, issued on even date with this opinion.
3. Hayes only alleges the evidence is insufficient without designating whether he is referring
to legal or factual sufficiency, or both. We will use the usual standards of review. In our review of
the legal sufficiency of the evidence, we employ the standards set forth in Jackson v. Virginia, 443
U.S. 307, 319 (1979). This calls on the court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4Â S.W.3d 735, 740 (Tex.
Crim. App. 1999); Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). The difference between
the standards for legal and factual sufficiency is that legal sufficiency requires the reviewing court
to defer to the jury's credibility and weight determinations while factual sufficiency permits the
reviewing court to substitute its judgment for the jury's on these questions "albeit to a very limited
degree." Marshall, 210 S.W.3d at 625.
4. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (Vernon Supp. 2007).
5. Perry testified as follows: 


 I looked in the -- I looked inside the driver's side window and the seat was kind of
torn and I saw like a napkin stuck under the -- it would be the outer skin of the [seat]. 
I opened the door and pulled it out and opened it up and that's when I find another
napkin or paper towel inside that contained what I recognized as crack cocaine. . .Â .
[looking at an exhibit / picture ] . . . These are the paper towels that the crack was
contained inside the Ford pickup that was underneath the skin of the seat, the cover
of the seat.