In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00198-CR


______________________________




JEFFERY DUANE MERRITT, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 22131




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Jeffery Duane Merritt was convicted, on a guilty plea subject to a plea bargain, to possession
of a controlled substance (methamphetamine), in an amount of less than one gram, in a drug-free
zone. In this case, the trial court sentenced Merritt to two years' imprisonment, to run concurrently
with a federal sentence. Merritt was also convicted of two other offenses, both of which are also
before this Court in separate appeals. (1) Although the case was a plea bargain, Merritt asked the trial
court for permission to appeal the imposition of consecutive sentences as opposed to concurrent
sentences. The trial court granted permission to appeal that issue.

 Merritt was represented by appointed counsel at trial and by different appointed counsel on
appeal. Merritt's appellate attorney has filed a brief in which he concludes that after a review of the
record and the related law, this appeal is frivolous and without merit. 

 Appellate counsel summarizes the issue in his brief and states that he finds no error preserved
for appeal that could be successfully argued. The brief contains a professional evaluation of the
record. This meets the requirements of Anders v. California, 386 U.S. 738 (1967); Stafford v. State,
813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
[Panel Op.] 1978).

 Counsel mailed a copy of the brief to Merritt on February15, 2008, informing Merritt of his
right to examine the entire appellate record and to file a pro se response. Counsel simultaneously
filed a motion with this Court seeking to withdraw as counsel in this appeal. This Court notified
Merritt that any pro se response was due on or before March 17, 2008. Merritt has neither filed a
response, nor has he requested an extension of time in which to file such a response. 

 Merritt has been granted the limited right to appeal the trial court's decision to impose
consecutive sentences rather than concurrent sentences. In this case, Merritt's sentence is to run
concurrently with a federal sentence, not consecutively. Our review has not revealed any reversible
error. (2)

 We affirm the judgment of the trial court. 


 Bailey C. Moseley

 Justice


Date Submitted: April 17, 2008

Date Decided: April 22, 2008


Do Not Publish

1. See Merritt v. State, Nos. 06-07-00196-CR and 06-07-00197-CR.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Merritt in this case. No substitute
counsel will be appointed. Should Merritt wish to seek further review of this case by the Texas
Court of Criminal Appeals, Merritt must either retain an attorney to file a petition for discretionary
review or he must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.


if">Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Lori Circone has appealed from an order rendered pursuant to a mediated
settlement agreement modifying possession of the children and directing her to pay child
support to her former husband, John Circone. 
          Lori contends that, during a hearing opposing entry of the mediated settlement
agreement, the trial court erred by refusing to allow counsel to question the attorney
ad litem about a number of matters concerning his activities in connection with the
mediation, that the court erred by failing to require the attorney ad litem to present a fact-finding that the agreement was in the best interests of the children, and that the court erred
by concluding a party cannot withdraw consent to a mediated settlement after the
requirements of Tex. Fam. Code Ann. § 153.0071(d) (Vernon 2002) have been met. She
also contends the court made erroneous findings that there was no defense to a mediated
settlement agreement and by failing to prepare additional findings of fact and conclusions
of law on request. 
          There are several procedural anomalies in this proceeding. Findings of fact in
connection with a child support order are to be requested "[w]ithout regard to Rules 296
through 299, Texas Rules of Civil Procedure" if the request is filed within ten days after the
date of the hearing or in open court. Tex. Fam. Code Ann. § 154.130(a), (b)(1),(2) (Vernon
2002).


 Counsel made no request for findings in open court, and the written request for
findings was not filed until March 12, 2003, ninety days after the hearing that resulted in
the order on appeal. Even if Rule 296 did apply in this case, it requires such a request to
be made within twenty days after the judgment is signed. Tex. R. Civ. P. 296. The order
was signed December 13, 2003, the date of the hearing. Thus, under any set of
circumstances, the request was untimely. 
          The trial court nevertheless chose to sign a document entitled "COURT'S
RESPONSE TO RESPONDENT'S REQUEST FOR FINDINGS OF FACT AND
CONCLUSION OF LAW."


 That document was sent to this Court as part of an appendix
to appellant's brief. Attachments to briefs are not part of the record of a case. Thereafter,
the trial court sent this Court a file-marked, signed copy of the document. There are
specific rules governing the preparation of a clerk's record.


 They were not followed. The
document was not certified by the district clerk and was not bound or labeled. In this
particular instance, because it appears the document was sent to this Court from the trial
court, and because counsel has not argued it is either incorrect or incomplete, and
because, in light of our disposition of this case, the document is not critical, we will treat it
as a part of this record. We warn all involved, however, that we will not often give any
verity to any "loose" documents from any source presented to this Court without proper
certifications, and do so in this instance only because the document is not of vital
importance to our disposition of the appeal. 
          In that document, the trial court found that the request was improper for a number
of reasons, but nevertheless then made (pursuant to Tex. R. Civ. P. 296) "Limited Findings
of Fact and Conclusions of Law" in which it found that the mediation was proper and
controlling and held that a party cannot avoid rendition based on the mediated settlement
agreement by attempting to withdraw consent after the requirements of Tex. Fam. Code
Ann. § 153.0071(d) had been met. The court did not enter any findings pursuant to the
Family Code.
          The contentions raised in this appeal are an attempt to show that the trial court
erred in its application of the alternative dispute resolution procedures of the Family Code. 
The relevant text follows.
Alternate Dispute Resolution Procedures
(a) On written agreement of the parties, the court may refer a suit
affecting the parent-child relationship to arbitration. The agreement must
state whether the arbitration is binding or non-binding.
 
(b) If the parties agree to binding arbitration, the court shall render an
order reflecting the arbitrator's award unless the court determines at a
non-jury hearing that the award is not in the best interest of the child. The
burden of proof at a hearing under this subsection is on the party seeking to
avoid rendition of an order based on the arbitrator's award.
 
(c) On the written agreement of the parties or on the court's own
motion, the court may refer a suit affecting the parent-child relationship to
mediation.
 
(d) A mediated settlement agreement is binding on the parties if the
agreement:
 
(1) provides, in a prominently displayed statement that is in
boldfaced type or capital letters or underlined, that the agreement is
not subject to revocation;
 
(2) is signed by each party to the agreement; and
 
(3) is signed by the party's attorney, if any, who is present at
the time the agreement is signed.
 
(e) If a mediated settlement agreement meets the requirements of
Subsection (d), a party is entitled to judgment on the mediated settlement
agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or
another rule of law.

Tex. Fam. Code Ann. § 153.0071 (Vernon 2002). 

          Counsel does not take the position that there is any defect in the agreement or that
the mediated settlement agreement does not comply with subsection (d). Counsel argues
appellant should be able to withdraw her consent to the agreement. To support that
position, he argues the court erred by refusing to permit him to introduce evidence about
the actions or inaction of the attorney ad litem representing the children. That is not
contemplated by the statute. In a binding arbitration context, the Code provides
opportunity for a nonjury hearing to show that the award is not in the best interest of the
child, and the Code expressly allows the trial court to avoid rendition of an order based on
that award. Tex. Fam. Code Ann. § 153.0071(b). 
          This is not an arbitration proceeding. It is a mediation that took place pursuant to
Section 153.0071(c)-(e). Those subdivisions specifically provide that, so long as the
requirements of the statute are met as to the form of the agreement, a party is entitled to
judgment notwithstanding Tex. R. Civ. P. 11 or "another rule of law."


 If those requirements
are met, as they are in this case, the Family Code contains no language allowing the trial
court to review the mediation and explicitly requires the court to enter judgment based on
the mediation agreement.
          Two courts have reviewed this statute and have applied the statute as written. The
Corpus Christi court held that a trial court is required to enter judgment on a mediated
settlement–even when the mediation is not under the direction of the court. In re
J.A.W.-N., 94 S.W.3d 119, 121 (Tex. App.‒Corpus Christi 2002, no pet.). The Eastland
court analyzed a case similar to this one and held that, in a mediated settlement
agreement context under this statute, even if one party "withdrew consent," the trial court
was required to enter judgment on the agreement. Alvarez v. Reiser, 958 S.W.2d 232,
233-34 (Tex. App.‒Eastland 1997, pet. denied) (also containing discussion of change in
application due to changes in statutory language).
          Under the terms of this statute, the trial court had no authority to go behind the
signed agreement of the parties, which explicitly (as required by statute in the alternative)
stated in underlined capital letters the agreement was not subject to revocation. The
agreement was signed, and the specific term was also initialed by appellant. The statute
requires the trial court to render judgment on the mediated agreement. Appellant's
arguments might be reviewable on appeal had this been an arbitration proceeding. 
However, they have no application to this mediation proceeding under the express terms
of Tex. Fam. Code Ann. § 153.0071(c)-(e). 
          We affirm the judgment.  
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      December 1, 2003
Date Decided:         December 3, 2003