**Opinion filed November 1, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00343-CV
_____

## THOMAS LLOYD LEVISAY, Appellant

## V.

## JOY ELICE FERGUSON, Appellee

**On Appeal from the County Court at Law**

**Brown County, Texas**

**Trial Court Cause No. DV0906137**

## M E M O R A N D U M   O P I N I O N

Based on a mediated settlement agreement, the trial court entered a final decree of divorce. Appellant, Thomas Lloyd Levisay, asserts that the trial court abused its discretion in denying Levisay's motion for new trial because (1) the trial court granted Joy Elice Ferguson a default judgment when Levisay had filed an answer and (2) the evidence was legally and factually insufficient to divest Levisay of his separate property. We affirm.

### Background Facts

On July 27, 2009, the trial court held a hearing to enter an order based on an agreement between the parties relating to temporary orders. Ferguson and her attorney were present at the

hearing and presented the agreed temporary orders. Neither Levisay nor his attorney attended the hearing; however, those temporary orders are not an issue.

After accepting the agreed temporary orders, the trial court inquired whether Ferguson also wanted to "prove up the divorce" for the convenience of the parties:

> [I]f you want to go ahead and prove up the divorce, that way if you enter into an Agreed Final Decree, it won't be necessary for the parties to come back into court.

Ferguson testified that she was currently married to Thomas Levisay; that, before filing the petition for divorce, she had lived in Brown County for at least six months; that the marriage had become insupportable because of a conflict of personalities; that there was no hope for reconciliation; that they had no children under the age of eighteen; that she believed that she and her husband would reach an agreement to divide all their debts and assets; and that, if they reached that agreement, they would submit that agreement to the trial court for approval and a final decree of divorce. There was no other testimony.

On September 11, 2009, Levisay and Ferguson each filed an inventory and appraisement. The court subsequently entered an order of referral for alternative dispute resolution in the form of mediation. On April 16, 2010, the parties mediated for approximately ten hours and reached an agreement. They filed the mediated settlement agreement with the trial court on April 23, 2010. Ferguson's attorney filed a motion to enter judgment on July 7, 2010.

At the hearing on the motion to enter judgment, Levisay's attorney argued that the proposed decree of divorce did not accurately reflect Levisay's understanding of the mediated settlement agreement. Levisay had retained new counsel, and that counsel had also filed a motion for continuance. In response, Ferguson stated that Levisay was seeking personal possessions that had been in Ferguson's possession when the mediated settlement agreement was entered and that the agreement, after listing items in her possession that Levisay would get back, provided that all remaining items in her possession would be her property. The trial court denied the motion for continuance and entered a final decree of divorce.

*Standard of Review*

We review a trial court's denial of a motion for new trial for an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Limestone Constr., Inc. v. Summit Commercial Indus. Props.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet.). A trial

2

court abuses its discretion if it acts without reference to guiding legal principles, *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004), or if it incorrectly analyzes or applies the law, *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

*Analysis*

Levisay attempts to argue that this is a case of a post-answer default judgment. Because the trial court heard evidence at the hearing on temporary orders on July 27, 2009, while neither Levisay nor his attorney was there, Levisay contends that "the hearing on temporary orders was substantively treated by the trial court as though it were a final hearing with [Ferguson] taking a default judgment." A post-answer default judgment is not involved in this case. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), has no application in this case. This case involves a mediated settlement agreement. The only issue is the effect of the mediated settlement agreement on Levisay's claims that certain personal property in Ferguson's possession was his separate property and that he should have been allowed to introduce evidence to support his contention.

The mediated settlement agreement complied with the provisions of Section 6.602 of the Texas Family Code. TEX. FAM. CODE ANN. § 6.602 (West 2006). Section 6.602 authorizes the parties to enter binding mediated agreements concerning the dissolution of the marriage relationship and the division of their property. By satisfying the requirements of Section 6.602, the parties are bound to the agreement and are entitled to a judgment on the agreement. *In re Marriage of Joyner*, 196 S.W.3d 883, 889 (Tex. App.—Texarkana 2006, pet. denied); *Cayan v. Cayan*, 38 S.W.3d 161, 165 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Compliance with Section 6.602 makes the agreement an exception to Sections 7.001 and 7.006 of the Texas Family Code, which allow revision and repudiation of settlement agreements. *In re Marriage of Joyner*, 196 S.W.3d at 889; *Cayan*, 38 S.W.3d at 165. Under Section 6.602, the parties may make their agreement binding at the time of execution, thus creating a procedural shortcut for the enforcement of the mediated settlement agreement. *Cayan*, 38 S.W.3d at 165–66.

The mediated settlement agreement in this case was binding on the parties as of April 16, 2010, because it (1) prominently displayed a statement in boldfaced, underlined, capital letters that the agreement was not subject to revocation, (2) was signed by both parties to the agreement, and (3) was signed by the parties' attorneys. The requirements of Section 6.602(b) were met.

3

After entering into the mediation settlement agreement, all parties and counsel were present on August 18, 2010, for the hearing on Ferguson's motion to enter judgment and Levisay's motion for continuance. The trial court denied Levisay's motion for continuance and found that the decree submitted by Ferguson conformed to the mediated settlement agreement. The court signed the decree.

The only issue is whether the binding mediated settlement agreement covered the personal items that were in Ferguson's possession and that Levisay now claims were his separate property. We hold that the personal items were covered by the agreement. In paragraph 3 of the agreement, the parties agreed, "Wife to receive (1) the house and all its contents – except coin collection, safe, hunting & fishing gear & rifles & guns. . . . Wife to receive prop. in poss'n except above." The trial court correctly interpreted the agreement.

Levisay argues that the trial court divested him of his separate property in violation of the Texas constitution. We disagree. Section 6.602 allows a judgment to be entered on a Section 6.602 agreement without a determination by the trial court that the terms of the agreement are just and right. *Milner v. Milner*, 361 S.W.3d 615, 618 (Tex. 2012); *Cayan*, 38 S.W.3d at 166. The trial court's judgment must be in strict compliance with the agreement. *Garcia-Udall v. Udall*, 141 S.W.3d 323, 332 (Tex. App.—Dallas 2004, no pet.). Levisay agreed that the property in possession of Ferguson in the house—except for the coin collection, safe, hunting and fishing gear, rifles, and guns—would be kept by Ferguson. It was his own agreement that divested him of the personal items in the house. A trial court must enforce a mediated settlement agreement unless the agreement was illegal or was procured by fraud, duress, coercion, or other dishonest means. *Boyd v. Boyd*, 67 S.W.3d 398, 403 (Tex. App.—Fort Worth 2002, no pet.). Levisay has not asserted any of those grounds.

Section 6.602(c) provides that, if a mediated settlement agreement meets the requirements of Section 6.602, a party is entitled to judgment on the agreement "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." Texas law does not prohibit a party from divesting himself of his separate property in a mediated settlement agreement. *See Mullins v. Mullins*, 202 S.W.3d 869, 875–76 (Tex. App.—Dallas 2006, pet. denied). Levisay's unilateral attempt to withdraw his consent to a portion of the mediated settlement agreement did not negate the enforceability of the agreement. *See Alvarez v. Reiser*, 958 S.W.2d 232, 234 (Tex. App.—Eastland 1997, pet. denied). Levisay, represented by counsel at the mediation, could not

revoke his consent on the ground that he did not understand the agreement's effect. *See Mullins*, 202 S.W.3d at 876.

There was no default judgment. Legal and factual sufficiency of the evidence as to whether the personal possessions were community or separate property cannot be issues at this point. Levisay agreed that all personal property in the house, except for the listed items, would be kept by Ferguson. The trial court did not err in denying Levisay's motion for new trial. Levisay's two issues are overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.

TERRY McCALL

JUSTICE

November 1, 2012

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill.[2]

---

[1]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[2]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.