Opinion filed November 1,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00343-CV 

                                                    __________

 

                            THOMAS
LLOYD LEVISAY, Appellant

 

                                                             V.

 

                                 JOY
ELICE FERGUSON, Appellee



 

                                  On
Appeal from the County Court at Law

 

                                                            Brown
County, Texas

 

                                                 Trial
Court Cause No. DV0906137

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Based
on a mediated settlement agreement, the trial court entered a final decree of
divorce.  Appellant, Thomas Lloyd Levisay, asserts that the trial court abused
its discretion in denying Levisay’s motion for new trial because (1) the trial
court granted Joy Elice Ferguson a default judgment when Levisay had filed an
answer and (2) the evidence was legally and factually insufficient to divest
Levisay of his separate property.  We affirm.

Background
Facts

            On July
27, 2009, the trial court held a hearing to enter an order based on an
agreement between the parties relating to temporary orders.  Ferguson and her
attorney were present at the hearing and presented the agreed temporary
orders.  Neither Levisay nor his attorney attended the hearing; however, those temporary
orders are not an issue.

            After
accepting the agreed temporary orders, the trial court inquired whether
Ferguson also wanted to “prove up the divorce” for the convenience of the
parties:

[I]f you want to go
ahead and prove up the divorce, that way if you enter into an Agreed Final
Decree, it won’t be necessary for the parties to come back into court.

 

            Ferguson
testified that she was currently married to Thomas Levisay; that, before filing
the petition for divorce, she had lived in Brown County for at least six months;
that the marriage had become insupportable because of a conflict of
personalities; that there was no hope for reconciliation; that they had no
children under the age of eighteen; that she believed that she and her husband
would reach an agreement to divide all their debts and assets; and that, if
they reached that agreement, they would submit that agreement to the trial
court for approval and a final decree of divorce.  There was no other
testimony.

            On
September 11, 2009, Levisay and Ferguson each filed an inventory and
appraisement.  The court subsequently entered an order of referral for alternative
dispute resolution in the form of mediation.  On April 16, 2010, the parties
mediated for approximately ten hours and reached an agreement.  They filed the
mediated settlement agreement with the trial court on April 23, 2010.  Ferguson’s
attorney filed a motion to enter judgment on July 7, 2010.

            At
the hearing on the motion to enter judgment, Levisay’s attorney argued that the
proposed decree of divorce did not accurately reflect Levisay’s understanding
of the mediated settlement agreement.  Levisay had retained new counsel, and
that counsel had also filed a motion for continuance.  In response, Ferguson
stated that Levisay was seeking personal possessions that had been in
Ferguson’s possession when the mediated settlement agreement was entered and that
the agreement, after listing items in her possession that Levisay would get
back, provided that all remaining items in her possession would be her
property.  The trial court denied the motion for continuance and entered a
final decree of divorce.

Standard
of Review

            We
review a trial court’s denial of a motion for new trial for an abuse of
discretion.  Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987); Limestone
Constr., Inc. v. Summit Commercial Indus. Props., 143 S.W.3d 538,
542 (Tex. App.—Austin 2004, no pet.).  A trial court abuses its discretion if
it acts without reference to guiding legal principles, Cire v. Cummings,
134 S.W.3d 835, 838–39 (Tex. 2004), or if it incorrectly analyzes or applies
the law, In re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 223
(Tex. 2004).

Analysis

            Levisay
attempts to argue that this is a case of a post-answer default judgment. 
Because the trial court heard evidence at the hearing on temporary orders on
July 27, 2009, while neither Levisay nor his attorney was there, Levisay
contends that “the hearing on temporary orders was substantively treated by the
trial court as though it were a final hearing with [Ferguson] taking a default
judgment.”  A post-answer default judgment is not involved in this case.  Craddock
v. Sunshine Bus Lines, Inc., 133 S.W.2d 124 (Tex. 1939), has no
application in this case.  This case involves a mediated settlement agreement. 
The only issue is the effect of the mediated settlement agreement on Levisay’s
claims that certain personal property in Ferguson’s possession was his separate
property and that he should have been allowed to introduce evidence to support
his contention.

            The
mediated settlement agreement complied with the provisions of Section 6.602 of
the Texas Family Code.  Tex. Fam. Code
Ann. § 6.602 (West 2006).  Section
6.602 authorizes the parties to enter binding mediated agreements concerning
the dissolution of the marriage relationship and the division of their
property.  By satisfying the requirements of Section 6.602, the parties are
bound to the agreement and are entitled to a judgment on the agreement.  In
re Marriage of Joyner, 196 S.W.3d 883, 889 (Tex. App.—Texarkana 2006, pet.
denied); Cayan v. Cayan, 38 S.W.3d 161, 165 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  Compliance with Section 6.602 makes the agreement
an exception to Sections 7.001 and 7.006 of the Texas Family Code, which allow
revision and repudiation of settlement agreements.  In re Marriage of Joyner,
196 S.W.3d at 889; Cayan, 38 S.W.3d at 165.  Under Section 6.602, the
parties may make their agreement binding at the time of execution, thus
creating a procedural shortcut for the enforcement of the mediated settlement
agreement.  Cayan, 38 S.W.3d at 165–66.

            The
mediated settlement agreement in this case was binding on the parties as of
April 16, 2010, because it (1) prominently displayed a statement in boldfaced,
underlined, capital letters that the agreement was not subject to revocation,
(2) was signed by both parties to the agreement, and (3) was signed by the
parties’ attorneys.  The requirements of Section 6.602(b) were met.

            After
entering into the mediation settlement agreement, all parties and counsel were
present on August 18, 2010, for the hearing on Ferguson’s motion to enter
judgment and Levisay’s motion for continuance.  The trial court denied Levisay’s
motion for continuance and found that the decree submitted by Ferguson
conformed to the mediated settlement agreement.  The court signed the decree.

            The
only issue is whether the binding mediated settlement agreement covered the
personal items that were in Ferguson’s possession and that Levisay now claims
were his separate property.  We hold that the personal items were covered by
the agreement.  In paragraph 3 of the agreement, the parties agreed, “Wife to
receive (1) the house and all its contents – except coin collection, safe,
hunting & fishing gear & rifles & guns. . . .  Wife to receive prop.
in poss’n except above.”  The trial court correctly interpreted the agreement.

            Levisay
argues that the trial court divested him of his separate property in violation
of the Texas constitution.  We disagree.  Section 6.602 allows a judgment to be
entered on a Section 6.602 agreement without a determination by the trial
court that the terms of the agreement are just and right.  Milner v. Milner,
361 S.W.3d 615, 618 (Tex. 2012); Cayan, 38 S.W.3d at 166.  The trial
court’s judgment must be in strict compliance with the agreement.  Garcia-Udall
v. Udall, 141 S.W.3d 323, 332 (Tex. App.—Dallas 2004, no pet.).  Levisay
agreed that the property in possession of Ferguson in the house—except for the
coin collection, safe, hunting and fishing gear, rifles, and guns—would be kept
by Ferguson.  It was his own agreement that divested him of the personal items
in the house.  A trial court must enforce a mediated settlement agreement
unless the agreement was illegal or was procured by fraud, duress, coercion, or
other dishonest means.  Boyd v. Boyd, 67 S.W.3d 398, 403 (Tex. App.—Fort
Worth 2002, no pet.).  Levisay has not asserted any of those grounds.

            Section
6.602(c) provides that, if a mediated settlement agreement meets the
requirements of Section 6.602, a party is entitled to judgment on the agreement
“notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of
law.”  Texas law does not prohibit a party from divesting himself of his
separate property in a mediated settlement agreement.  See Mullins v.
Mullins, 202 S.W.3d 869, 875–76 (Tex. App.—Dallas 2006, pet. denied). 
Levisay’s unilateral attempt to withdraw his consent to a portion of the
mediated settlement agreement did not negate the enforceability of the
agreement.  See Alvarez v. Reiser, 958 S.W.2d 232, 234 (Tex. App.—Eastland
1997, pet. denied).  Levisay, represented by counsel at the mediation, could
not revoke his consent on the ground that he did not understand the agreement’s
effect.  See Mullins, 202 S.W.3d at 876.

            There
was no default judgment.  Legal and factual sufficiency of the evidence as to
whether the personal possessions were community or separate property cannot be
issues at this point.  Levisay agreed that all personal property in the house,
except for the listed items, would be kept by Ferguson.  The trial court did
not err in denying Levisay’s motion for new trial.  Levisay’s two issues are
overruled.

This
Court’s Ruling

            The
judgment of the trial court is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

November 1, 2012

Panel[1]
consists of: Wright, C.J.,

McCall, J., and Hill.[2]









[1]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.